# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-0013-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| KNOXSOM R. PETERSON, III | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Knoxsom R. Peterson, III ("Peterson"). See Record Document 40. The Government filed a response in opposition to the motion and Peterson replied. See Record Documents 43 and 44. For the following reasons, Peterson's motion is **DENIED.**

## BACKGROUND

On June 10, 2021, Peterson pleaded guilty to count one of an indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] See Record Document 27. On October 14, 2021, Peterson was sentenced to 115 months in prison followed by 3 years of supervised release. See Record Document 35. Peterson did not file a direct appeal.

On August 10, 2023, Peterson filed the instant motion to vacate his sentence, arguing that in light of New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111

---

[1] According to the factual basis submitted in conjunction with the guilty plea, on October 20, 2020, law enforcement agents executed a search warrant at Peterson's apartment and discovered a pistol that was reported stolen on January 19, 2020. Defendant admitted to purchasing the pistol in March of 2020 and acknowledged that as a convicted felon, he was not allowed to possess a firearm. On December 15, 2016, Peterson was convicted of simple burglary in Caddo Parish, LA. See Record Document 27-3 at 1-2.

(2022), Section 922(g) is unconstitutional as applied to him and that he should be resentenced and released from prison.[2] See Record Documents 40 and 40-1 at 1. The Government, on the other hand, maintains that Peterson's motion is untimely, procedurally defaulted, and without merit.[3] See Record Document 43 at 2 and 6. Peterson replied, essentially restating his motion and arguing that Bruen retroactively applies to cases on collateral review. See Record Document 44 at 1-2. Alternatively, Peterson seeks to dismiss his Section 2255 motion without prejudice while the Supreme Court decision in United States v. Rahimi, 61 F.4th 443 (5th Cir. 2023) (cert. granted) is pending so he can file another motion pursuant to Section 2255 without the first one being considered. See Record Document 44 at 4.

## SECTION 2255 STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A federal prisoner has limited

---

[2] Peterson also cites to United States v. Rahimi, 61 F.4th 443 (5th Cir. 2023), Range v. Attorney General United States, 69 F.4th 96 (3d Cir. 2023), Atkinson v. Garland, No. 21 C 291, 2022 WL 787934, at *1 (N.D. Ill. Mar. 15, 2022), and Montgomery v. Louisiana, 577 U.S. 190, 136 S. Ct. 718 (2016), to emphasize that he is one of "the people" whose conduct is protected by the Second Amendment in light of Bruen precedent and that Section 922(g)(1) is inconsistent with the Constitution. The Court rejects these arguments because (1) in Rahimi, Defendant "was not a convicted felon or otherwise subject to another 'longstanding prohibition [ ] on the possession of firearms' that would have excluded him" (Rahimi, 61 F.4th at 452); (2) this Court is not bound by the Third and Seventh Circuit precedent; and (3) Montgomery v. Louisiana does not apply here, because a question of Bruen's retroactive effect is not at issue here.
[3] The Government argues that Section 922(g)(1) remains constitutional following the Bruen decision. See Record Document 43 at 11 and 14-27.

grounds for collateral review under Section 2255, generally based on errors of constitutional magnitude that could not have been raised on appeal. See 28 U.S.C. § 2255(a); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Collateral review does not replace a direct appeal. See United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991); see also United States v. Marion, 248 F.3d 1143, 143 (5th Cir. 2001). Challenges under Section 2255 remain subject to a one-year statute of limitation, however, running from the latest of:

> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." United States v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012); see also United States v. Pittman, No. 20-112, 2024 WL 36169, at *1 (E.D. La. Jan. 3, 2024). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523 (5th Cir. 1995).

## ANALYSIS

Before reaching the merits of Defendant's claim, the Court must determine whether he filed his motion within the one-year limitation period prescribed by 28 U.S.C. § 2255(f).[4] It is

---

[4] As an initial matter, Section 2255(f)(1)-(4) sets forth a statute of limitations for pursuing relief thereunder. The Court first considers whether the claim is timely under either the date the conviction was final under Section 2255(f)(1) or the date the right was newly recognized and made retroactive to cases on collateral review by the Supreme Court under Section 2255(f)(3).

undisputed that Peterson's motion is untimely under Section 2255(f)(1) because it was filed more than one year after his conviction became final.[5] However, Peterson maintains that he has a newly recognized and retroactive right[6] that was established after his conviction, presumably asking the Court to apply Section 2255(f)(3) and deem his motion to be timely filed. See Record Document 40.

When a Supreme Court decision recognizes a right made retroactively applicable to cases on collateral review, the date of that decision triggers a new one-year period during which a Section 2255(f)(3) motion may be brought. See 28 U.S.C. § 2255(f)(3). The right "must have been newly recognized by the Supreme Court," not by a Court of Appeals, pursuant to 28 U.S.C. § 2255(f)(3). United States v. Pittman, No. 20-112, 2024 WL 36169, at *2 (E.D. La. Jan. 3, 2024) (citing Washington v. United States, No. A-14-CR-337-SS, 2017 WL 2930939, at *3 (W.D. Tex. July 7, 2017)).[7] Assuming that Bruen could be deemed to have established a newly recognized right applicable to Peterson's case, Bruen was decided on June 23, 2022, more than one year before Peterson filed his Section 2255 motion. Thus, Peterson's claim is untimely under Section

---

[5] Peterson was sentenced on October 14, 2021. See *supra* at 1. His conviction became final fourteen days later, on October 29, 2021. See Fed. R. App. P. 4(b)(1)(A). Peterson's Section 2255(f)(1) motion was due one year later, on October 29, 2022. See 28 U.S.C. § 2255(f)(1). Yet, Defendant filed it on August 10, 2023, well beyond the one-year deadline.

[6] Notably, Bruen "has not been 'made retroactive to cases on collateral review by the Supreme Court." See In re Terry, No. 22013615-C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) (addressing issue in the context of a second or successive Section 2255 motion); Salley v. United States, No. 19-317-MSS-AEP, 2023 WL 3568618, at *2 (M.D. Fla. May 18, 2023) (same as to initial, time barred Section 2255 motion; "Bruen established a right for 'law-abiding' citizens' in the context of firearms licensing, Bruen did not establish a newly recognized right that protects [a convicted felon]."); see also Jackson v. United States, No.16-196-L-1, 2023 WL 4533381, at *2 (N.D. Tex. July 12, 2023) (noting that "the Supreme Court did not make Bruen retroactive, and therefore [movant] cannot seek postconviction relief under that new constitutional test"), appeal docketed, No. 23-10789 (5th Cir. July 31, 2023).

[7] For that reason, the date of the Fifth Circuit's decision in Rahimi does not trigger a new one-year period during which Peterson could have brought his Section 2255 motion. As such, Rahimi is not relevant to the timeliness analysis here.

4

2255(f)(3) as well.[8] Since Peterson also failed to make his Second Amendment challenge on direct review, he is procedurally barred from asserting it here in a Section 2255 motion. See Record Document 27.

Turning to the merits, the Court finds that although Section 922(g)(1) burdens Second Amendment rights to certain extent, the burden does not render the norm unconstitutional. In Bruen, the Supreme Court held that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home."[9] Bruen, 597 U.S. at 9, 142 S. Ct. at 2122. Bruen struck down a New York law that required residents to demonstrate a "proper cause" to obtain a license to carry a handgun outside the home because the law "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." Id. at 8, 69, 142 S. Ct. at 2122, 2156. Bruen does not challenge statements in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783 (2008) about longstanding prohibitions, such as the possession of firearms by felons. Accordingly, language from Bruen and Heller indicate that Section 922(g)(1) is still valid under the Second Amendment. Based on a careful review of the Supreme Court's Second Amendment precedent,[10] subsequent decisions

---

[8] Although Peterson did not invoke equitable tolling to overcome Section 2255(f)(3)'s statute of limitations, yet the Government briefly addressed it, there is no circumstance under which the doctrine of equitable tolling would apply in this case. See Record Document 43 at 9.

[9] Such choice of words suggests that citizens who are not "law-abiding"—i.e. convicted felons—can be constitutionally barred from possessing firearms. See United States v. Martin, No. 20-00047-01, 2024 WL 129337, at *6 (W.D. La. Jan. 11, 2024).

[10] See, e.g., District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783 (2008); McDonald v. City of Chicago, 561 U.S. 742, 791, 130 S. Ct. 3020 (2010).

issued by the Fifth Circuit[11] and numerous district courts[12] within the Fifth Circuit's realm, as well as precedent from other jurisdictions that address the constitutionality of Section 922(g)(1), this Court joins the majority opinion on this issue and concludes that <u>Bruen</u> does not create a new rule of constitutional law invalidating Section 922(g)(1) convictions. Based on the jurisprudence cited herein, Peterson's reliance on <u>Bruen</u> as it pertains to 18 U.S.C. § 922(g)(1) is misplaced and lacks merit. Accordingly, Peterson's claim can be denied on this ground alone.

Finally, Peterson requested to dismiss the instant motion without prejudice "allowing Petitioner time for the Fifth Circuit and for the Supreme Court ruling on the constitutionality of Section 922(g)(1)." Record Document 44. "Generally, when a defendant's prior Section 2255 motion is withdrawn and dismissed without prejudice, and the merits have not been adjudicated, the second Section 2255 motion is not considered successive." <u>United States v. LeBlanc,</u> No.10-

---

[11] See, e.g., <u>United States v. Washington,</u> No. 22-10574, 2023 WL 5275013, at * 1 (5th Cir. Aug. 16, 2023); see also <u>United States v. Forbito,</u> No. 22-11026, 2023 WL 8274528, at *8 (5th Cir. Nov. 30, 2023), (cert. denied); <u>United States v. Cuevas,</u> No. 23-60294, 2024 WL 303255, at *1 (5th Cir. Jan. 26, 2024); <u>United States v. Coleman,</u> No. 23-60120, 2023 WL 5925544 (5th Cir. 2023) (denying a certificate of appealability on a <u>Bruen</u> Section 2255 motion following a Section 922(g) conviction); <u>United States v. Garza,</u> No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023); <u>United States v. Johnson,</u> No. 22-20300, 2023 WL 3431238, at * 1 (5th Cir. May 12, 2023); <u>United States v. Pickett,</u> No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023); <u>United States v. Roy,</u> No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023); <u>United States v. Hickcox,</u> No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023).
[12] See, e.g., <u>United States v. Thompson,</u> No. CR 22-173, 2023 WL 3159617 (E.D. La. Apr. 27, 2023); <u>United States v. Bazile,</u> No. CR 23-34, 2023 WL 7112833 (E.D. La. Oct. 27, 2023); <u>United States v. Washington,</u> No. CR 23 00082-02, 2023 WL 7170645 (W.D. La. Oct. 31, 2023); <u>United States v. Conner et al</u>., No. CR 23-54, 2023 WL 8474735, at *2 (E.D. La. Dec. 7, 2023); <u>United States v. Anderson,</u> No. CR 23-00180-01, 2023 WL 8655272, at *1 (W.D. La. Dec. 13, 2023); <u>United States v. French,</u> No. CR 23-00064-01, 2023 WL 7365232 (W.D. La. Nov. 7, 2023); <u>United States v. Charles,</u> No. 6:21-CR-00154-01, 2023 WL 6358688, at *3 (W.D. La. Sept. 28, 2023); <u>United States v. August,</u> No. 2:23-CR-00023-01, 2023 WL 7230037, at *1 (W.D. La. Nov. 2, 2023); <u>United States v. Clay,</u> No. 22-00086, 2023 WL 3059155, at *2 (S.D. Tex. Apr. 23, 2023); <u>United States v. Mosley,</u> No. 23-0041-P, 2023 WL 2777473, at *2 (N.D. Tex. Apr. 4, 2023); <u>United States v. Grinage,</u> No. 21-00399-JKP, 2022 WL 17420390, at *3 (W.D. Tex. Dec. 5, 2022); <u>United States v. Bazile,</u> No. 23-34, 2023 WL 7112833, at *3-4 (E.D. La. Oct. 27, 2023); <u>Shipley v. Hijar,</u> No. EP-23-CV-11-KC, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023).

00038-01, 2020 WL 3023096, at *2 (W.D. La. June 3, 2020) (citing Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000)). "However, when a Section 2255 motion is withdrawn because the defendant knows he will not be successful, the first motion may still be counted as a prior Section 2255 motion to determine whether a later filed Section 2255 motion is successive." Id. (citing Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997));[13] see also Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004).[14]

In the instant case, the Court addressed the merits in abundance of caution. See *supra* at 4-6. Therefore, Peterson's efforts to withdraw and dismiss his original Section 2255 motion in hopes to file another Section 2255 motion would be futile as the second Section 2255 motion would be deemed as a successive one. A defendant must receive authorization from the Court of Appeals before filing a successive Section 2255 motion. See 28 U.S.C. §§ 2255, 2244 (b)(3)(A); United States v Key, 205 F.3d 773, 774 (5th Cir. 2000). As such, this Court would lack jurisdiction on rule on the successive motion. See, e. g., LeBlanc at *2. Assuming Peterson attempted to withdraw his Section 2255 motion because he knows or suspects that he will not be successful on the merits, the outcome for his renewed Section 2255 motion would not change and it would operate as the successive motion. Consistent with the law cited above, even if dismissing this motion without prejudice could allow Peterson to file another Section 2255 motion without permission from the

---

[13] In Felder, the Court acknowledged that defendants "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing [their] first [motion] as soon as it becomes evident that the district court is going to [reject] it on the merits." Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997).

[14] Likewise, Thai court pointed out that if "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless," then "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under [Section 2255]. Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004).

Fifth Circuit, the Court has discretion not engage in this sort of gamesmanship. Peterson's motion to dismiss without prejudice is denied.

## CONCLUSION

For the reasons explained herein, the Court finds that Peterson is procedurally barred from challenging his conviction and sentence because his 28 U.S.C. § 2255 motion is untimely. Furthermore, the Court finds that even if the motion was filed in a timely fashion, 18 U.S.C. § 922(g)(1) remains valid, thus, Peterson would not be entitled have his sentence vacated. Likewise, Peterson's motion to dismiss the instant motion is denied as well.

An Order consistent with this Memorandum Ruling shall follow.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE